**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | | |
|---|---|---|
| **SHERMAN WRIGHT**, on behalf of himself and all others similarly situated, | ) ) ) | Case No. |
| | ) | |
| Plaintiff, | ) ) | Judge |
| vs. | ) ) | **COLLECTIVE AND CLASS ACTION** **COMPLAINT** |
| **THE KROGER CO.** | ) ) ) | **JURY DEMAND ENDORSED HEREON** |
| Defendant. | ) | |

Plaintiff Sherman Wright ("Plaintiff"), on behalf of himself and all others similarly situated,

for his Complaint against Defendant The Kroger Co. ("Defendant"), states and alleges as follows:

## INTRODUCTION

1.      This case challenges policies and practices of Defendant that violate the Fair Labor

Standards Act ("FLSA"), 29 U.S.C. §§ 201-219.

2.      Plaintiff brings this case as an FLSA "collective action" pursuant to 29 U.S.C.

§216(b), which provides that "[a]n action to recover the liability" prescribed by the FLSA "may

be maintained against any employer … by any one or more employees for and on behalf of himself

or themselves and other employees similarly situated." Plaintiff brings this case on behalf of

himself and other "similarly situated" employees who may join this case pursuant to §216(b).

3.      Plaintiff further brings this case as a class action pursuant to Fed. R. Civ. P. 23 to

remedy violations of the Ohio Minimum Fair Wage Standards Act ("OMFWSA") on behalf of all

similarly situated non-exempt employees currently or previously employed at Defendant's Ohio

locations within the two years preceding the filing of this Action.

## JURISDICTION AND VENUE

4.      This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

5.      Venue is proper in this forum pursuant to 28 U.S.C. § 1391.

6.      The Court has supplemental jurisdiction over the asserted Ohio claims pursuant to 28 U.S.C. § 1367 because the claims are so related to the FLSA claims as to form part of the same case or controversy.

## PARTIES

7.      Plaintiff is an adult individual residing in Hamilton County, Ohio.

8.      Defendant is a for-profit corporation organized under the laws of the state of Ohio and maintaining a principal place of business in Cincinnati, Ohio.  Defendant can be served through its statutory agent: Corporation Service Company, 50 West Broad Street, Suite 1330, Columbus, Ohio 43215.

9.      At all relevant times, Defendant was an employer within the meaning of the FLSA and the OWMWSA.

10.      At all relevant times, Defendant constituted an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

11.      At all relevant times, Plaintiff and those similarly situated were employees engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 206-207.

12.      Plaintiff's written Consent to Join this Action is attached hereto as Exhibit A.

## FACTUAL ALLEGATIONS

13.     Defendant employed Plaintiff as an Order Selector at its Kroger Logistics Warehouse in Blue Ash, Ohio.

14.     At all relevant times, Plaintiff and those similarly situated were non-exempt hourly employees under the FLSA and the OMFWSA.

15.     Plaintiff and those similarly situated routinely worked 40 or more hours per week.

16.     Plaintiff and those similarly situated regularly performed certain unpaid off-the-clock work activities prior to the start of their shift.

17.     The unpaid pre-shift work activities performed by Plaintiff and those similarly situated included, but were not limited to: donning personal protective equipment that Defendant required Plaintiff and those similarly situated to store in a locker at Defendant's facility; obtaining and booting up electronic equipment that Defendant required Plaintiff and those similarly situated to use in the course of work; and walking to an available powered industrial truck and performing an OSHA-required pre-trip inspection upon same.  These unpaid pre-shift work activities were integral and indispensable to the work performed by Plaintiff and those similarly situated.

18.     Plaintiff and those similarly situated typically arrived at work 10-15 minutes before the start of their shifts to perform such activities.

19.     Similarly, at the conclusion of their shifts, Plaintiff and those similarly situated performed certain unpaid post-shift off-the-clock work activities. The unpaid post-shift work activities included but were not limited to: parking the powered industrial trucks at a location designated by Defendant; returning the electronic equipment used by Plaintiff and those similarly situated in the course of work; and doffing personal protective equipment and storing same in the

locker at Defendant's facility. Each of these unpaid post-shift work activities were integral and indispensable to the work performed by Plaintiff and other similarly situated employees.

20. Plaintiff and those similarly situated typically performed unpaid post-shift work activities for approximately 10 minutes after clocking out from their shifts.

21. The amount of time Plaintiff and other similarly situated employees spent on their pre- and/or post-shift work activity was more than *de minimis*. It is estimated to be approximately 20-25 minutes each day. Accordingly, this resulted in between 100 and 125 minutes of unpaid overtime per employee, per week.

22. At all relevant times, Defendant knew or had reason to know that Plaintiff and those similarly situated were performing the pre-shift and post-shift work described herein. Defendant nevertheless failed to compensate Plaintiff and those similarly situated for performing these integral and indispensable activities.

23. Defendant knowingly and willfully engaged in the above-mentioned violations of the FLSA and the OMFWSA.

24. Defendant failed to make, keep, and preserve records of all required and unpaid work performed by Plaintiff and other similarly situated employees. Therefore, Plaintiff and the similarly situated employees are entitled to a reasonable estimate of such time.

## COLLECTIVE ACTION ALLEGATIONS

25. Plaintiff brings this action on his own behalf pursuant to 29 U.S.C. § 216(b), and on behalf of all other similarly situated persons who have been, are being, or will be, adversely affected by Defendant's unlawful conduct.

26. The class that Plaintiff seeks the right to send "opt-in" notices for purposes of the collective action, and of which Plaintiff is himself a member, is composed of and defined as follows:

4

> **All former and current non-exempt employees employed at Defendant's Ohio facilities who performed off-the-clock pre- and/or post-shift work within three years preceding the date of filing of this Complaint to the present (the "Collective Class").**

27.     This action is maintainable as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) as to claims for unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA. In addition to Plaintiff, numerous current and former employees are similarly situated with regard to their claims for unpaid wages and damages. Plaintiff is representative of those other employees and are acting on behalf of their interests as well as his own in bringing this action.

28.     These similarly situated employees are known to Defendant and are readily identifiable through Defendant's payroll records. These individuals may readily be notified of this action and allowed to opt-in pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their claims for unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA.

## OHIO CLASS ACTION ALLEGATIONS

29.     Plaintiff brings this action pursuant to Fed. R. Civ. P. 23(a) and (b)(3) on behalf of himself and all other current or former persons employed by Defendants in Ohio within the last two years defined as:

> **All former and current non-exempt employees employed at Defendant's Ohio facilities who performed off-the-clock pre- and/or post-shift work within two years preceding the date of filing of this Complaint to the present (the "Ohio Class").**

30.     The class is so numerous that joinder of all class members is impracticable. Plaintiff is unable to state the exact size of the potential Ohio Class but, upon information and belief, avers that it consists of at least several hundred persons.

31.     There are questions of law or fact common to the Ohio Class including: whether Defendant failed to pay their employees for off-the-clock work and whether that resulted in the underpayment of overtime.

32.     Plaintiff will adequately protect the interests of the Ohio Class. His interests are not antagonistic to but, rather, are in unison with, the interests of the Ohio Class members. Plaintiff's counsel has broad experience in handling class action wage-and-hour litigation, and are fully qualified to prosecute the claims of the Ohio Class in this case.

33.     The questions of law or fact that are common to the Ohio Class predominate over any questions affecting only individual members. The primary questions that will determine Defendant's liability to the Ohio Class, listed above, are common to the class as a whole, and predominate over any questions affecting only individual class members.

34.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Requiring Ohio Class members to pursue their claims individually would entail a host of separate suits, with concomitant duplication of costs, attorneys' fees, and demands on court resources. Many Ohio Class members' claims are sufficiently small that they would be reluctant to incur the substantial cost, expense, and risk of pursuing their claims individually. Certification of this case pursuant to Fed. R. Civ. P. 23 will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

## COUNT ONE
### (FLSA Overtime Violations)

35.     Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

36.     Defendants' practice and policy of not paying Plaintiff and other similarly situated employees for all time worked and overtime compensation at a rate of one and one-half times their

regular rate of pay for all hours worked over forty (40) each workweek violated the FLSA, 29 U.S.C. §§ 201-219, 29 C.F.R. § 785.24.

37.     Defendants' failure to keep records of all hours worked for each workday and the total hours worked each workweek by Plaintiff and other similarly situated employees violated the FLSA, 29 U.S.C. §§ 201-219, 29 C.F.R. § 516.2(a)(7).

38.     By engaging in the above-mentioned conduct, Defendant willfully, knowingly, and/or recklessly violated provisions of the FLSA.

39.     As a result of Defendant's practices and policies, Plaintiff and those similarly situated have been damaged in that they have not received wages due to them pursuant to the FLSA.

## COUNT TWO
### (Ohio Overtime Violations)

40.     Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

41.     Ohio law requires employers to pay overtime in the manner and methods provided in and subject to the exemptions of section 7 and section 13 of the "Fair Labor Standards Act of 1938," 52 Stat. 1060, 29 U.S.C.A. 207, 213, as amended. O.R.C. 4111.03(A).

42.     Defendant violated Ohio law by maintaining a policy that required Plaintiff and similarly situated employees to preform off-the-clock work for pre- and/or post-shift work activity, for which Defendant did not compensate Plaintiff and those similarly-situated.

43.     Defendant further violated Ohio law with this policy because it thereby failed to account for all hours worked for the purposes of calculating overtime hours in a workweek.

44.     Defendant's failure to keep records of all hours worked for each workday and the total hours worked each workweek by Plaintiff and similarly situated employees violated Ohio law.

45.     By engaging in the above-mentioned conduct, Defendant willfully, knowingly, and/or recklessly violated provisions of Ohio law.

46.     As a result of Defendant's practices, Plaintiff and the Ohio Class members have been damaged in that they have not received wages due to them pursuant to Ohio's wage and hour laws; and because wages remain unpaid, damages continue.

<u>**PRAYER FOR RELIEF**</u>

**WHEREFORE**, Plaintiff, on behalf of himself and all persons similarly situated, prays that this Honorable Court:

A.      Conditionally certify this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b) and direct that Court-approved notice be issued to similarly situated persons informing them of this action and enabling them to opt-in;

B.      Enter judgment against Defendant and in favor of Plaintiff, the Collective Class members, and the Ohio Class members;

C.      Award Plaintiff, the Collective Class members, and the Ohio Class members actual damages for unpaid wages;

D.      Award Plaintiff, the Collective Class members, and the Ohio Class members liquidated damages equal in amount to the unpaid wages found due to Plaintiff and the putative class;

E.      Award Plaintiff, the Collective Class members, and the Ohio Class members pre-judgment and post-judgment interest at the statutory rate;

F.      Award Plaintiff, the Collective Class members, and the Ohio Class members attorneys' fees, costs, and disbursements; and

G.      Award Plaintiff, the Collective Class members, and the Ohio Class members additional relief as this Court deems just and proper.

Respectfully submitted,

**NILGES DRAHER LLC**
*/s/ Christopher J. Lalak*
Christopher J. Lalak (0090079)
614 West Superior Avenue, Suite 1148
Cleveland, Ohio 44113
Telephone:      216-230-2955
Email:        clalak@ohlaborlaw.com

Shannon M. Draher (0074304)
7266 Portage St., N.W., Suite D
Massillon, Ohio 44646
Telephone:      330-470-4428
Facsimile:      330-754-1430
Email:        sdraher@ohlaborlaw.com

*Counsel for Plaintiff*

## JURY DEMAND

Plaintiffs demands a trial by jury on all eligible claims and issues.

*/s/ Christopher J. Lalak*
Christopher J. Lalak
*Counsel for Plaintiff*