**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | | |
|---|---|---|
| **SHERMAN WRIGHT, on behalf of himself and others similarly situated,** | ) ) ) | Case No.1:19-cv-761 |
| Plaintiff, | ) ) | Judge Michael R. Barrett |
| | ) | Magistrate Judge Stephanie K. Bowman |
| vs. | ) ) | |
| **THE KROGER CO.,** | ) ) | |
| Defendant. | ) ) ) | **FINAL ORDER GRANTING CLASS ACTION SETTLEMENT** |

Plaintiff Sherman Wright ("Plaintiff") and Defendant the Kroger Co. ("Defendant") have moved the Court to preliminarily approve the settlement of claims brought pursuant to the Fair Labor Standards Act ("FLSA") 29 U.S.C. § 216(b) and under state law, to approve the Notice of Settlement to be sent to putative Class Members, and to set a final fairness hearing.

Having reviewed the Settlement Agreement, as well as the Parties' Joint Motion, the Declaration appended thereto, and the pleadings and papers on file in this Action, and for good cause established therein, the Court hereby enters this Order granting final approval of the Parties' class action settlement agreement as follows:

1.      On September 10, 2019, Representative Plaintiff filed his Class and Collective Action Complaint on behalf of himself and others similarly situated.  In his Complaint, Representative Plaintiff alleged that Defendant violated the Fair Labor Standards Act and the Ohio Minimum Fair Wage Standards Act by failing to pay Representative Plaintiff and the Class Members for all hours worked, resulting in unpaid overtime. (ECF No. 1).

2.      On October 11, 2019, Kroger filed its Answer to the complaint, denying that it had failed to compensate its employees for all hours worked, denying all alleged violations of law, and asserting affirmative defenses to same.  (ECF No. 8).

3.      The Parties engaged in arms-length settlement negotiations that were well-informed by a damages analysis and a statistical expected valuation analysis and that were facilitated by a private mediator.  The settlement negotiations culminated in a proposed agreement to settle the case on a class-wide basis under Civ. R. 23 on March 13, 2020.

4.      The Parties jointly moved this Court for preliminary approval of the Class Settlement on April 30, 2020.  (ECF No. 15).   This Court granted preliminary approval of the Class Settlement, on May 6, 2020, and ordered that Notice of Class Action Settlement be distributed to the members of the class.  (ECF No. 16).

5.      The Parties have filed a Declaration from the Settlement Administrator verifying that notices were distributed in the form and manner approved by the Court.  One prospective class member has been excluded from the class.  (ECF No. 17).  No objections to the Class Settlement have been filed with this Court.

6.      The Court finds that the members of the Class were given adequate notice of the pendency of this Action, the proposed settlement, and the date of the fairness hearing as ordered by the Court. The Court further finds that the notice was reasonable and the best notice practicable and satisfied the requirements of Civ. R. 23 and due process.

7.      The Court finds that the proposed settlement satisfies the standard for final approval of a class action settlement under Fed. R. Civ. P. 23(e). The proposed settlement class satisfies Rule 23(a)'s requirements of commonality, numerosity, typicality, and adequacy of representation, as well as Rule 23(b)'s requirements of predominance and superiority. Representative Plaintiff Sherman Wright is an adequate representative of the Class in that he is a member of the Class and possesses the same interests and suffered the same injuries as the other Class members. The definition of the Class encompasses persons with like factual circumstances and like claims. The settlement payments made available to the members of the Class are commensurate with their alleged claims. The Court

2

finds that the proposed settlement is fair, reasonable, and adequate as to the Class, and qualifies for final approval under Rule 23(e).

8. The Court approves the Settlement Agreement and orders that it be implemented according to its terms and conditions.

9. The Court therefore orders that class payments be distributed to class members in the manner described in the settlement agreement. The total settlement payment, after deduction of the service award to Representative Plaintiff, attorneys' fees, and litigation reimbursements to Plaintiff's Counsel, is to be distributed to the Representative Plaintiff and members of the Class, which are calculated proportionally based on each Class Member's alleged overtime damages.

10. The Court approves the Service Award to Representative Plaintiff, and orders that such payment be made in the manner, and upon the terms and conditions, set forth in the Settlement Agreement.

11. The Court approves the payment of attorneys' fees and costs as provided in the Settlement Agreement, and orders that such payments be made in the manner, and upon the terms and conditions set forth in the Settlement Agreement.

12. Representative Plaintiff and the Class Members release claims against Defendant as provided in the Settlement Agreement.

13. The Court dismisses this action with prejudice. The Parties are to bear their respective attorneys' fees and costs except as provided in the Settlement Agreement. The Court retains jurisdiction over this Action for the purpose of enforcing the Settlement Agreement. There being no just reason to delay entry of this Final Order, the Court orders the Clerk of the Court to enter this Final Order immediately, along with Entry of Judgment thereon.

IT IS SO ORDERED this __10th__ day of __September__, 2020.

/s/ Michael R. Barrett

_____

Judge Michael R. Barrett
United States District Court Judge